389 P.2d 744

Yetzen H. DeMOOR, Plaintiff and Respondent,

v.

Paul PAULUS and Fogg & Brady Furniture Co., a Utah corporation, Defendants and Appellants.

No. 9941.

Supreme Court of Utah.

March 4, 1964.

---

Nielsen, Conder & Hansen, W. Eugene Hansen, Salt Lake City, for appellants.

Mark, Johnson, Schoenhals & Roberts, Robert E. Schoenhals, Salt Lake City, for respondent.

WADE, Justice.

Yetzen H. DeMoor brought this action to recover damages to his car sustained in a collision with the truck of the corporate defendant driven by its employee, Paul Paulus. The court, sitting without a jury, found that the collision was caused by the sole negligence of the driver of the truck, Paul Paulus, in failing to keep a proper and prudent lookout and granted a judgment in favor of the plaintiff.

The record discloses that plaintiff had been traveling east on 20th Street in Ogden, Utah, when, after making a righthand turn into Washington Boulevard traveling south, he observed the defendants' truck moving very slowly out of a parked position on the west curb line of Washington Boulevard, about 100 or 150 feet from 20th Street. At the time plaintiff was traveling about 25 miles per hour, and as he approached closer to the furniture truck, he realized it was angling out into his lane of traffic, so plaintiff swerved out into about the midde of the street for southbound traffic, but the truck, instead of going south as plaintiff expected it to, continued to angle out into the street and its front bumper came in contact with right front door of plaintiff's car, and the damage commenced at that point and continued to the rear of the vehicle, gashing the right rear fender. The collision occurred about 20 feet east of the west curb line of Washington Boulevard.

The defendant driver testified that he was parked about 150 feet south of 20th Street on Washington Boulevard, having made a delivery to a store, and in getting out of his parking place, he was forced to go out at an angle because he was hemmed in by vehicles parked in front and back of his truck. Before moving his truck he saw that the traffic signal was red for southbound traffic, and seeing no cars coming, he started moving slowly into the lane for,

driving. He continued angling into the driving lane without making any further observations for possible traffic until he saw plaintiff's car just prior to the collision at which time it was too close to avoid it.

The court as the trier of the facts found that the sole proximate cause of the accident was the failure of the driver of the truck to keep a proper lookout. Appellants contend that such finding was error, and that plaintiff was contributorily negligent as a matter of law, and that plaintiff's negligence was a proximate cause of the accident.

Appellants argue that plaintiff was negligent as a matter of law, and that such negligence was a proximate cause of the collision, because he observed the truck moving as he was driving south on Washington Boulevard and was alerted to the fact that the truck was angling into the lane of traffic and should have taken proper precautions to avoid a collision. The record discloses that plaintiff did observe the truck going slowly into the driving lane and therefore swerved his car easterly what he judged to be a sufficient distance to allow the truck to proceed south and only realized the truck was angling further east in the traffic lane than he had anticipated when it was too late to avoid the collision. Under such circumstances, there is a reasonable basis in the evidence for the court's finding of fact that the sole proximate cause of the

collision was appellant's negligence, and that plaintiff was not contributorily negligent.

Affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.